IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 6:10cr00013-1 |
| | ) | |
| v. | ) | |
| | ) | |
| ZEB ANTHONY HENSON, | ) | By: Elizabeth K. Dillon |
| Petitioner. | ) | United States District Judge |

**MEMORANDUM OPINION**

Zeb Anthony Henson, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 2011 drug conviction. Having reviewed the record, the court concludes that Henson's motion is barred by the statute of limitations and Henson has not demonstrated any ground for equitable tolling. Therefore, the court will dismiss the motion as untimely filed.

I.

In 2011, after Henson pled guilty, the court convicted him of possessing with intent to distribute five grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and sentenced him to 84 months of imprisonment.[1] Henson appealed, and the United States Court of Appeals for the Fourth Circuit dismissed the appeal on August 29, 2011. Henson did not file a petition for writ of certiorari to the Supreme Court of the United States. Henson filed a § 2255 motion on February 22, 2016. The court notified Henson that his motion appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Henson responded to the court's order and argued that the court should

---

[1] On July 3, 2012, based on Henson's substantial assistance to the government, the court reduced his sentence to 72 months of incarceration, and on April 10, 2015, pursuant to 18 U.S.C. § 3582, the court further reduced Henson's sentence to 58 months of incarceration.

"waive" the statute of limitations because, after he was sentenced in this case in 2011, he was sent back to state custody to complete a state sentence where he had "no access to federal law to be able to file his [§] 2255 [motion]." On April 27, 2015, after Henson was transferred to federal custody, he learned that he could file a § 2255 motion.

II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). For purposes of the one-year limitations period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is taken or the time to file such an appeal expires. *Clay v. United States*, 537 U.S. 522, 528 (2003). Thus, Henson's conviction became final on June 16, 2011, when his time to file an appeal to the Supreme Court of the United States expired, and he had until June 18, 2012, to file a timely § 2255 motion.[2] However, Henson did not file his federal habeas motion until nearly four years after the statute of limitations expired. Therefore, Henson's § 2255 motion is untimely filed under § 2255(f)(1).[3]

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). A

---

[2] June 16, 2012, was a Saturday and, therefore, Henson had until the following Monday to file his § 2255 motion. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] Henson has not alleged grounds for the timeliness of his motion under §§ 2255(f)(2), (3) or (4).

petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances beyond his control stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Henson argues that the court should toll the statute of limitations because he did not have access to adequate federal legal resources while he was in state custody. However, Henson's circumstances are not so extraordinary to warrant equitable tolling. *See United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004) (holding that unfamiliarity with the legal process and lack of legal representation do not constitute grounds for equitable tolling) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")). Moreover, Henson has not shown that he has been diligently pursuing his rights since his conviction became final in 2011. Accordingly, the court concludes that Henson has not demonstrated any ground for equitable tolling of the statute of limitations, and the court will dismiss Henson's § 2255 motion as untimely filed.

        An appropriate order will be entered.

        Entered: December 8, 2016.

        */s/ Elizabeth K. Dillon*
        Elizabeth K. Dillon
        United States District Judge